BEATTIE ET AL., appellants, v. PARROTT SILVER AND COP-
PER COMPANY, respondent.

LANDLORD AND TENANT. — *There must be a consenting assignee before an
assignment of a lease is complete.* — A lease was assigned by the original lessee
to the defendant corporation, which paid the rent according thereto for a
period of nine months, and then attempted to escape further liability there-
under by a pretended reassignment of the lease, by an indorsement on the
same, to the original lessee without his knowledge, and by notifying the
lessors of said reassignment: *held*, that such a reassignment was invalid, and
that defendant was liable for the rent due under the terms of the lease, to-
gether with legal interest and costs.

*Appeal from District Court, Silver Bow County.*

JAMES W. FORBIS, for the appellants.

By accepting an assignment of the lease, and taking
possession of the land thereunder, respondent assumed
the payment of the rent reserved in said lease.   Rent is
a covenant which runs with the land, and binds the as-
signee of a lease by privity of estate as absolutely as
the lessee was bound before the assignment.   Taylor's
Landlord and Tenant, secs. 260, 437; Wood's Landlord
and Tenant, secs. 309, 310, 333, 335, 336, 339; 30 N. Y.
459; *Van Rensselaer* v. *Hays*, 19 N. Y. 85; Wood's Land-
lord and Tenant, sec. 451, p. 740; *Prevost* v. *Calder*, 2
Wend. 518; 23 Wend. 506; *Van Rensselaer* v. *Bradley*, 3
Denio, 135; *McKeon* v. *Whitney*, 3 Denio, 454.   It re-
cites in its assignment and sets up in its answer that
" for a valuable consideration " said lease was assigned
by respondent to Aiken; and afterwards admits, as a
fact, that there was no consideration therefor; that Aiken
was not even cognizant of such assignment.   These facts
show no assignment, and lack every essential ingredient
of a contract or grant,— mutuality, delivery, accept-
ance, and consideration.   Wood's Landlord and Tenant,
sec. 75; Washburn on Real Property, p. 315; 38 Am. Dec.
577, note; 3 Washburn on Real Property, 4th ed., 282;

10 Mass. 456.  The facts show that privity still exists, and respondent cannot shirk its responsibility by merely vacating or abandoning the premises without the consent of the lessors.  Wood's Landlord and Tenant, sec. 339; 50 Am. Dec. 168; 52 Am. Dec. 79, and note pp. 83, 84; *Dowance* v. *Jones*, 27 Ala. 630.  Respondent does not allege that the land, lease, or assignment was ever delivered to any one or accepted by any one.  Wood's Landlord and Tenant, sec. 501; 6 Mont. 344, 345.  Respondent insists that appellants are in no worse position after discharging it from liability than they were originally. This is not for it to say.  Aiken was bound by privity of contract; respondent was equally bound by privity of estate; appellants have recourse against either or both, and the same rule applies as to a subsequent indorser upon a promissory note.  Wood's Landlord and Tenant. sec. 451, p. 742.

WILLIAM H. DE WITT, for the respondent.

The covenant of Aiken, lessee, to pay rent was express; it was by privity of contract, and also while he was in possession, by privity of estate, so that he could never escape his obligation, except by a contract of release with the lessor, for a consideration.  This never took place.  Wood's Landlord and Tenant, secs. 333, 350; Taylor's Landlord and Tenant, sec. 436, and cases cited, and 438; *Port* v. *Jackson*, 17 Johns. 243.  The covenant of the Parrott company, assignee, was implied; it was running with the land; it was, by virtue of privity of estate, the possession of the premises.  The assignee of the lessee did not execute any contract of assignment from Aiken, lessee, to it; therefore never made an express covenant to pay rent, and its contract to pay rent was implied by its possession, and ran with the land during possession, and by privity of estate, so long as that privity existed.  Wood's Landlord and Tenant, sec.

340; Taylor's Landlord and Tenant, 8th ed., secs. 16, 109, 444, 449; *Patten* v. *Deshon*, 1 Gray, 330. An implied covenant to pay rent arises upon privity of estate, — lives by it, and dies with it. 1 Washburn on Real Property, 4th ed., p. 493, secs. 4, 4 a; Wood's Landlord and Tenant, secs. 333, 340, 350; Taylor's Landlord and Tenant, sec. 436; *Walton* v. *Cronly*, 14 Wend. 63. The assignee of the lessee, in the case at bar, was liable to the lessor for rent only by reason of its taking possession under the assignment, and only so long as it held possession; from which liability it could and did discharge itself by the assignment back to its assignor, the lessee, and surrendering the premises. *Morton* v. *Pinckney*, 8 Bosw. 139; *Grundin* v. *Carter*, 99 Mass. 16; *Meister* v. *Birney*, 24 Mich. 440; *Armstrong* v. *Wheeler*, 9 Cow. 89; *Childs* v. *Clark*, 3 Barb. Ch. 52, 60; *Cross* v. *Upson*, 17 Wis. 618; *Mariner* v. *Crooker*, 18 Wis. 25. Appellants contend that to render a reassignment from the Parrott company to Aiken of any effect, there must have been a formal acceptance of the assignment by Aiken. But in the case at bar, acceptance was an idle act, accomplishing no end, for the reason that Aiken was already bound to the lessor for the whole term, on his express personal covenant, from which he had not been released. The reassignment to Aiken was therefore good without his acceptance. See cases *infra*. An assignee for the benefit of creditors may reassign to the debtor, and thus avoid the payment of rent for premises included in the assignment to him. Wood's Landlord and Tenant, sec. 345; *How* v. *Kennett*, 3 Ald. & El. 659. Aiken need not have taken possession, assented to the assignment, or accepted it. Taylor's Landlord and Tenant, secs. 452, 453; *Childs* v. *Clark*, 3 Barb. Ch. 60, 61. The assignment was good, even if it were left in the hands of the solicitor of the Parrott company. Taylor's Landlord and Tenant, sec. 452. Even when there

is a written agreement between the lessee and his assignee, executed expressly by each, containing a provision "subject to the payment of rent," there is no liability upon the assignee after assignment over. Taylor's Landlord and Tenant, sec. 454.

McLEARY, J. This action was begun in the court of a justice of the peace of Silver Bow County, where judgment was rendered in favor of the defendant, and an appeal taken thence to the district court of Silver Bow County, which resulted in the same way. The case was tried .before the court sitting without a jury, on an agreed statement of facts, which was substantially as follows: That the plaintiffs, on the nineteenth day of November, 1885, leased to Robert H. Aiken a certain piece of ground for a period of two years, reserving a monthly rental of twenty-five dollars therefor; that Aiken held possession and paid rent for three months, and on the eighteenth day of February, 1886, by indorsement on the lease, assigned the same to the defendant in this case, the Parrott Silver and Copper Company. The defendant paid rent to the plaintiffs in this case, and held possession of the ground for nine months following the assignment, and then, by indorsement on the lease, reassigned its interest to Robert H. Aiken. It was recited in the statement of facts "that, so far as the plaintiffs or defendant know, said Aiken was never cognizant of said last assignment; that said defendant had had no understanding or dealings whatever with the said Aiken concerning said last assignment; that, within the knowledge of defendant, said Aiken never accepted or knew of or consented to the last assignment, and that no consideration ever passed between defendant and said Aiken therefor; that from some time prior to said assignment to the present time defendant has had no dealings whatever with said Aiken, nor did de-

fendant know the whereabouts of said Aiken during said time; that since the eighteenth day of February, 1886, said property, or the lease or the assignment thereof, has never been in the possession of said Aiken, or out of the possession of the defendant, and neither was ever delivered to said Aiken." The defendant also, at the date of the reassignment, gave notice to the plaintiffs of the reassignment, and that they had no more use for the ground, and requested the plaintiffs to look to Aiken for the rent after the current month. These are all the facts material to the consideration of this case. Judgment having been rendered in favor of the defendant, the plaintiffs appeal to this court.

The only question presented for our consideration, as the case appears in the record and briefs of the parties, is, whether or not the defendant, by the assignment to Aiken, relieved itself of its responsibilities under the lease and its obligation to pay the rent. It is not disputed that if the assignment had been properly made to and accepted by Aiken, or if it had been made to a third person, and properly accepted by him, the defendant would have been released from further liability. What, then, is the effect of the assignment of the lease made by the defendant to Aiken? It is contended that it was not necessary for Aiken to accept the assignment, or even to know of its existence, inasmuch as he was already liable under the lease for the payment of the rent by privity of contract, and that, " the reason of the law failing, the law itself ceased." We do not think this position tenable. If Aiken was liable, under the lease, by privity of contract, that does not give the defendant the right to put upon him an additional liability, through this assignment, without his consent, as a second assignee. The assignment to Aiken stands in no other light than any other contract; it could not be made by the defendant alone, without the consent of the assignee.

The delivery of the lease might not have been necessary; but the acceptance of the assignment by Aiken, either express or implied, was certainly requisite to its validity. *Maynard* v. *Maynard*, 10 Mass. 457; *Townson* v. *Tickell*, 5 Eng. Com. L. 31; Wood's Landlord and Tenant, sec. 339; 3 Washburn on Real Property, p. 314, c. 4, sec. 2, par. 34; 38 Am. Dec. 577, note. But the agreed statement of facts recites that he did not even know of the existence of the assignment, much less did he accept it; and that the lease itself was never redelivered to him, with or without the indorsement thereon. But it appears that the assignment from the defendant to Aiken was made by an indorsement on the lease, written and signed by defendant's attorney, and that the paper itself remained in the office of the attorney until it was produced in court. This transaction certainly lacks one of the material requisites to the completion of a valid assignment, to wit, the acceptance of the same by the assignee. For this reason, we think there was error in the judgment of the court below, and that judgment should have been rendered, on the facts stated, in favor of the plaintiffs. Therefore it is accordingly ordered that the judgment of the district court be reversed, and judgment here rendered in favor of the plaintiffs for twenty-five dollars, and interest from the eighteenth day of November, 1886, at the rate of ten per cent per annum, and all the costs of this court and the courts below.

*Judgment reversed.*

McCONNELL, C. J., and BACH, J., concur.